**Affirmed and Majority and Concurring Opinions filed July 18, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00929-CV

---

### ALEX ERAZO, Appellant

### V.

### LUIS A SANCHEZ, CHIEF MEDICAL DIRECTOR FOR THE HARRIS COUNTY INSTITUTE OF FORENSIC SCIENCES, AND KIM OGG, DISTRICT ATTORNEY FOR HARRIS COUNTY, TEXAS (FORMALLY DEVON ANDERSON), Appellees

---

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2014-71507**

---

## CONCURRING OPINION

I join the court's judgment, but for the reasons set forth below, I respectfully disagree with the analysis in the majority opinion.

*Complaints on Appeal*

Appellant Alex Erazo complains on appeal that the trial court erred in failing

to rule on his various requests for appointment of counsel. He also claims the trial court erred in failing to appoint counsel to represent him because he is entitled to appointment of counsel in this civil case. Because Erazo complains of both a failure to rule on his requests and a failure to appoint counsel, this court should (1) determine which of the requests the trial court adjudicated, (2) to the extent the trial court did not rule on some of the requests, determine whether the trial court erred, and (3) determine if the trial court erred to the extent the court denied some of the requests.

*Requests in the Trial Court*

Erazo requested appointment of counsel (1) under Government Code section 24.016 in Erazo's original petition ("First Request"), (2) under title 28, section 1915(e)(1) of the United States Code in his Motion for Appointment of Counsel ("Motion for Appointment"), and (3) under no specified authority in his Request for Court Appointed Counsel ("Second Request").

*The Trial Court's Rulings*

Under the plain text of the October 31, 2017 order, the trial court denied Erazo's Motion for Appointment and did not rule on either the First Request or the Second Request. The trial court observed that it had no authority to appoint counsel under title 28, section 1915 of the United States Code. The trial court stated that Erazo had not sought counsel under Government Code section 24.016, but that Erazo would not be entitled to appointment of counsel under that statute even if he had sought relief under it.

The trial court ruled on the Motion for Appointment, and thus Erazo's contention that the trial court did not do so lacks merit. The trial court correctly concluded that it lacked authority to appoint counsel under title 28, section 1915 of

the United States Code.[1]

*No Preservation, No Error, No Harm*

Although the trial court did not rule on the First Request or the Second Request, the trial court did not err in failing to rule because the record does not show that Erazo took action to get either of these requests set for hearing or submission.[2]  By failing to do so, Erazo failed to preserve his complaint for appellate review.[3]  And, even if Erazo had preserved error and the trial court had erred in failing to rule on one or both of these requests, any such error would be harmless because the record does not show that this case is a rare or unusual one in which the public and private interests at stake are such that the administration of justice is best served by appointing a lawyer to represent an indigent civil litigant.[4]


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Bourliot and Poissant.  (Bourliot, J., majority).

---

[1] *See* 28 U.S.C. § 1915(a)(1), (e)(1).

[2] *See Watkins v. Krist Law Firm, P.C.*, No. 14-02-00291-CV, 2003 WL 21786173, at *2 (Tex. App.—Houston [14th Dist.] Aug. 5, 2003, pet. dism'd) (mem. op.).

[3] *See id.*

[4] *See Dunsmore v. Ortiz*, No. 14-15-00437-CV, 2016 WL 7401893, at *2 (Tex. App.—Houston [14th Dist.] Dec. 20, 2016, no pet.) (mem. op.).